UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RON MOLINARO, individually and on
behalf of all others similarly situated

       Plaintiff,

v.                                      Case No: 2:18-cv-710-FtM-99CM

PRINSTON PHARMACEUTICAL
INC. d/b/a Solco Healthcare LLC,
SOLCO HEALTHCARE U.S., LLC
and HUAHAI US INC.,

       Defendants.
_____/

## ORDER[1]

This matter comes before the Court on a *sua sponte* review of Plaintiff Ron Molinaro's Complaint. (Doc. 1). Molinaro brings this seven-count class action suit against Defendants Prinston Pharmaceutical Inc., Soloco Healthcare U.S., LLC, and Huahai U.S. Inc., alleging breach of express warranties, breach of implied warranty of merchantability, fraud, violation of Florida's Deceptive and Unfair Trade Practice Act, unjust enrichment, negligence and negligence *per se*. Molinaro pleads diversity under the Class Action Fairness Act as the basis for the Court's subject matter jurisdiction. (*Id.*, ¶ 9).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). ("[I]t is well settled that a federal court is obliged to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." (citations omitted)). In an action filed directly in federal court, like here, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). The Class Action Fairness Act gives federal district courts original jurisdiction over class action cases in which the number of plaintiffs in all proposed plaintiff classes exceeds 100, at least one plaintiff is diverse in citizenship from any defendant (minimal diversity), and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007).

Here, the Court takes issue with the citizenship of Defendant Solco Healthcare U.S., LLC. Limited liability companies are citizens of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F. 3d 1020 (11th Cir. 2004). Molinaro pleads, "Defendant Solco Healthcare U.S., LLC is a Delaware limited liability company with its principal place of business" in New Jersey. (Doc. 1 at ¶ 7). This is insufficient. Each member of an LLC and their citizenship must be pled to confirm that the parties are minimally diverse. Furthermore, Plaintiff alleges that he is a "Florida resident, residing in Estero, Florida." (*Id.*, ¶ 5). This is insufficient as well. "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the

State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011); *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted). Finally, Plaintiff states that Prinston Pharmaceutical Inc.'s principal place of business is in Cranbury, New Jersey. (Doc. 1, ¶ 6). However, a corporation is "a citizen of any State by which it is incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff has not pled Prinston's state of incorporation.

Because the Complaint lacks the above allegations, the Court cannot determine whether the parties are minimally diverse. The Court thus dismisses the Complaint without prejudice and Plaintiff will be provided the opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

(1) The Complaint (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction without prejudice to filing an Amended Complaint **on or before November 7, 2018**. **Failure to do so will result in the Court closing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of October, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record